25-272-cr (L)
United States v. Boone

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand twenty-five.

PRESENT: JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.

No. 25-272-cr (L),
25-544-cr (CON)

LAWRENCE BOONE,

*Defendant-Appellant.*

-------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:    MELISSA A. TUOHEY, Assistant
Federal Public Defender,
Office of the Federal Public
Defender for the Northern
District of New York,
Syracuse, NY

FOR APPELLEE:    THOMAS R. SUTCLIFFE,
Assistant United States
Attorney, *for* John A.
Sarcone III, Acting United
States Attorney for the
Northern District of New York,
Syracuse, NY

Appeal from an amended judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment of the District Court is AFFIRMED.

Lawrence Boone appeals from an amended judgment of conviction entered on March 4, 2025 in the United States District Court for the Northern District of New York (Sannes, *C.J.*) sentencing him principally to 168 months' imprisonment and ordering him to pay $66,500 in restitution. Boone's conviction follows his guilty plea to seven counts of receiving, distributing, and possessing child pornography.

On this appeal, Boone argues that his sentence is substantively unreasonable and the restitution awards imposed by the District Court are excessive. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

## I.     Term of Imprisonment

"[S]ubstantive reasonableness reduces to a single question: whether the [d]istrict [court] abused [its] discretion in determining that the [18 U.S.C.] § 3553(a) factors supported the sentence imposed." *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008) (quotation marks omitted). Citing *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), Boone argues that his 168-month sentence is substantively unreasonable because it was derived from the District Court's mechanical application of sentencing enhancements under § 2G2.2 of the United States Sentencing Guidelines, *see* U.S.S.G. § 2G2.2, that are inherent to Boone's crimes of conviction. But *Dorvee* does not require district courts "to disregard" the § 2G2.2 enhancements for such crimes. *United States v. Lawrence*, 139 F.4th 115, 122 (2d Cir. 2025) (quotation marks omitted). And here, contrary to Boone's claim, the District Court appears to have applied § 2G2.2 and § 3553(a) with

3

"great care" rather than indiscriminately, *Dorvee*, 616 F.3d at 184, to determine that the applicable Guidelines range was "greater than necessary to comply with the purposes of sentencing," App'x 100.

Boone next argues that his sentence is substantively unreasonable because the District Court failed to impose a sentence that "provide[d]" for his "specialized mental health treatment" in "the most effective manner." Appellant's Br. 29 (quoting 18 U.S.C. § 3553(a)(2)(D)). We reject this argument as well. Section 3553(a) does not require a sentencing court to provide a defendant with a particular form of treatment; it requires only that the court "consider" various factors, such as the defendant's need for "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a). Here, the District Court considered Boone's need for mental health treatment when it imposed a below-Guidelines sentence, *see* App'x 98–100, and the court further "recommend[ed to the Bureau of Prisons] that [Boone] participate in mental health . . . treatment" while serving his sentence, App'x 101; *see* App'x 112. The District Court then also weighed the "serious nature of [Boone's] offense" and the need for adequate deterrence before imposing its sentence. App'x 100–01. No more was required.

4

For these reasons, we conclude that Boone's sentence was not substantively unreasonable.

## II.    Restitution

Boone next challenges the District Court's eight restitution awards to victims that exceed the $3,000 statutory minimum for mandatory restitution. *See* 18 U.S.C. § 2259(b)(2)(B). "We review an order of restitution deferentially, and we will reverse only for abuse of discretion." *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (quotation marks omitted). Boone claims that the District Court abused its discretion by failing to ensure that the awards "reflect[ his] relative role in the causal process that underlies the victim[s'] losses." 18 U.S.C. § 2259(b)(2)(B).

We conclude that the District Court acted within its discretion by imposing the eight restitution awards. As relevant to Boone's specific challenge, after calculating the correct "amount of [each] victim's losses," the District Court specifically determined "the relative causal significance of [Boone's] conduct in producing those losses" based on the number of images and videos Boone possessed of each victim and the number of prior defendants contributing to each victim's losses. *Paroline v. United States*, 572 U.S. 434, 460 (2014). It then

5

ensured that each victim's aggregate recovery did not exceed the victim's total losses. *See id.*; 18 U.S.C. §§ 2259(b)(2)(A)–(C). The District Court proceeded to impose eight restitution awards, ranging from $5,000 to $10,000. These awards are not too "severe" in view of Boone's contribution to the victims' losses as a possessor of child pornography. *Paroline*, 572 U.S. at 458–59.

In challenging these awards, Boone asserts that the Government failed to provide estimates for every *Paroline* factor[1] and that the challenged restitution awards are unsupported by the factors. But *Paroline* does not "prescribe a precise algorithm" that requires district courts to consider every factor. *Id.* at 459–60, 462. Here, the District Court adequately analyzed the most relevant factors in

---

[1] In *Paroline*, the Supreme Court explained that the "factors that bear on the relative causal significance of the defendant's conduct in producing [the victim's] losses . . . could include":

> [1] [T]he number of past criminal defendants found to have contributed to the victim's general losses; [2] reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; [3] any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); [4] whether the defendant reproduced or distributed images of the victim; [5] whether the defendant had any connection to the initial production of the images; [6] how many images of the victim the defendant possessed; and [7] other facts relevant to the defendant's relative causal role.

*Paroline*, 572 U.S. at 460.

6

this case, namely, the number of images or videos Boone possessed and whether he produced, reproduced, or distributed those images. And although the restitution awards do not correspond linearly to the number of images and videos Boone possessed of each victim or the total losses each victim suffered, the victims for which Boone possessed more than one video and the victim with the greatest total losses received the largest restitution awards. *See* App'x 161. In any case, imposing restitution "cannot be a precise mathematical inquiry." *Paroline*, 572 U.S. at 459.

## CONCLUSION

We have considered Boone's remaining arguments and conclude that they are without merit. For the foregoing reasons, the amended judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7